**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In re LILLIE M. COLLEY,**<br><br>**Debtor.** | |
| **LILLIE M. COLEY,**<br><br>**Appellant,**<br><br>**v.**<br><br>**SHAWN CARTER, *et al.*,**<br><br>**Appellee.** | **Case No. 26–cv–02873–ESK** |
| **LILLIE M. COLEY,**<br><br>**Appellant,**<br><br>**v.**<br><br>**SHAWN C. CARTER,**<br><br>**Appellee.** | **Case No. 26–cv–11628–ESK**<br><br>**OPINION AND ORDER** |

**THESE NON-CONSOLIDATED MATTERS** having come before the Court on appellant Lillie M. Coley's identical motions for recusal and disqualification filed in Civil Action No. 26–02873 at ECF No. 29 and Civil Action No. 26–11628 at ECF No. 3 (collectively, Motion); and although not having been filed in Coley's other cases, the Motion indicating that Coley also "requests recusal and reassignment in each presently pending District Court matter

involving [her] that remains assigned to Judge Kiel, including" Civil Action No. 26–02875[1] and Civil Action No. 26–11257[2]; and the Court finding,

1. Coley seeks relief "upon the cumulative history of related proceedings [and] recurring administrative and procedural irregularities affecting [her] matters." (Motion p. 1.) In addition to raising concerns about docketing and administrative issues, Coley argues that the transcript of the August 18, 2026 motion to dismiss hearing (Hearing) in Civil Action No. 25–17634[3] at ECF No. 58 demonstrates my impartiality. (*Id.* pp. 2–5.) She suggests "that the combination of [me] accusing her of yelling, criticizing the handling of her materials, commenting negatively upon her facial expressions, calling her personally 'a very rude woman,' and expressing shock at her behavior materially strengthens the appearance-of-impartiality concern that [she] had … [previously] raised" in her denied recusal request from November 2025 in Civil Action No. 25–17634 at ECF No. 12. (*Id.* p. 4.) Despite referencing a history of impartiality, the Motion primarily focuses on the remarks made during the Hearing.

2. "The decision of whether to recuse lies within the discretion of the trial judge." *Thompson v. Eva's Vill. & Sheltering Program*, No. 04–02548, 2005 WL 2474930, at *1 (D.N.J. Oct. 5, 2005). Both 28 U.S.C. § 144 and 28 U.S.C. § 455 "dictate the circumstances under which a federal judge should recuse." *Id.* Section 144 "provides that a judge should recuse if the party seeking recusal submits a 'timely and sufficient affidavit' illustrating that the judge has a personal bias or prejudice towards a party." *Id.* (quoting 28 U.S.C. § 144). But Section 455(a) does not require an affidavit be filed. *Id.* Rather, it "states that a judge should recuse himself if the judge's 'impartiality might reasonably be questioned.'" *Id.* (quoting 28 U.S.C. § 455(a)). In other words, "if a party claims that a judge should recuse under [S]ection 455(a) … the test that applies is 'whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned.'" *Id.* at *2 (quoting *In re Kensington Int'l Ltd.,* 368 F.3d 289, 301 (3d Cir.2004)). "This is an objective inquiry that considers not only whether a judge is actually impartial but whether

[1] Civil Action No. 26–02875 was consolidated as a member case with Civil Action No. 26–02873. Since Civil Action No. 26–028703 was designated as the lead case, Civil Action No. 26–02875 was deemed closed.

[2] Civil Action No. 26–11257 was closed at ECF No. 7 after denial of Coley's motion for leave to appeal.

[3] Following the Hearing, I entered an order dismissing Civil Action No. 25–17634. Coley has appealed that order.

there is an appearance of impartiality." *Id.* Here, Coley moves only as to Section 455(a).

3. The exchange between Coley and me during the Hearing demonstrates neither impartiality nor an appearance of impartiality. Although Coley appears to have been offended by my word choice and tone, "critical, disapproving, or hostile comments … [do] not provide a basis for recusal." *In re Filbert*, 578 F. App'x 79, 80 (3d Cir. 2014); *Garcia v. Cruz*, No. 25–01617, 2025 WL 2658993 (3d Cir. Sept. 17, 2025) (holding that the plaintiff's dissatisfaction with the [d]istrict [j]udge's word choice and 'dismissive tone' did not establish bias sufficient to mandate recusal"). Courts recognize that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless … a deep-seated favoritism or antagonism that would make fair judgment impossible" is displayed. *Liteky v. United States*, 510 U.S. 540, 555 (1994). A reasonable person may interpret my remarks as expressions of impatience, dissatisfaction, annoyance, or even anger. But such expressions do not reflect deep-seated antagonism or my inability to render a fair and impartial decision. *See Mondelli v. Berkeley Heights Nursing & Rehab. Ctr.,* No. 16–01569, 2022 WL 494121, at *2, 3 (D.N.J. Jan. 6, 2022) (finding recusal was not warranted since the exchange between the plaintiff and the district judge did not reflect "deep-seated antagonism"). Rather, they "are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id.* at 555–56.

4. To the extent Coley seeks my disqualification for recurring administrative and docketing concerns (Motion p.2), I have nothing to do with the operations of the clerk's office.

Accordingly,

**IT IS** on this **23rd** day of **September 2026** **ORDERED** that:

1. The Motion is **DENIED**.

2. The Clerk of the Court shall terminate the Motion in Civil Action No. 26–02873 at ECF No. 29 and Civil Action No. 26–11628 at ECF No. 3.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**